## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Christopher Cyprian,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Capital One, National Association, Equifax Information Services, LLC, Experian Information Solutions, Inc., Spring Oaks Capital, LLC, Trans Union, LLC,<br><br>　　　　Defendants. | Case No. 3:24-cv-00502-SDD-EWD<br><br>Judge: Shelly D. Dick |

**SPRING OAKS CAPITAL, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES Defendant Spring Oaks Capital, LLC ("Spring Oaks") by and through its counsel and answers Plaintiff's Complaint. Spring Oaks denies each and every allegation, matter, and thing set forth in the Complaint unless hereinafter expressly admitted, qualified, or otherwise answered. As to the specific allegations, Spring Oaks states as follows:

**PRELIMINARY STATEMENT**

1. The statement contained in Paragraph 1[1] of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 1 is construed to contain any factual allegation directed against it, any such allegation is denied.

2. The statement contained in Paragraph 2 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond. To the extent that any

---

[1] The paragraphs of Plaintiff's Complaint are organized by bullet points rather than numbers. Spring Oaks assigned a number to each bulleted paragraph in the Complaint, in chronological order starting with 1, for reference in this Answer.

1

response is required on the part of Spring Oaks and to the extent Paragraph 2 is construed to contain any factual allegation directed against it, any such allegation is denied.

3.    The statement contained in Paragraph 3 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 3 is construed to contain any factual allegation directed against it, any such allegation is denied.

4.    The statement contained in Paragraph 4 of the Complaint contains legal conclusions regarding alleged legal duties and Plaintiff's alleged rights, to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks to these allegations, any such allegation is denied.  Spring Oaks denies the factual allegations regarding its use of Plaintiff's information.  Spring Oaks admits only that it engages in the business of collecting debts through lawful means.  Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

5.    Spring Oaks denies the allegations in Paragraph 5 of Plaintiff's Complaint.  Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

## PARTIES

6.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 6, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 6 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

2

7.      Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 7, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 7 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

8.      Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 8, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 8 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

9.      Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 9, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 9 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

10.     Spring Oaks denies the allegations in Paragraph 10 and specifically denies the allegations as to its principal business.  Spring Oaks admits only that it engages in the business of collecting debts through lawful means.  Spring Oaks admits it is a limited liability company organized in Delaware and its principal place of business is in Virginia.

11.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 11, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 11 also states a legal conclusion to which Spring Oaks is under no known

3

4892-1552-6865 v1

obligation to respond. To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

**JURISDICTION AND VENUE**

12. The statement contained in Paragraph 12 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 12 is construed to contain any factual allegation directed against it, any such allegation is denied.

13. The statement contained in Paragraph 13 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 13 is construed to contain any factual allegation directed against it, any such allegation is denied.

**ALLEGATIONS OF FACT**

14. Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 14, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

15. Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 15, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

16. Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 16, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

4892-1552-6865 v1

17.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 17, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

18.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 18, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

*Credit Card Account Reported by Capital*

19.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 19, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

20.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 20, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

21.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 21, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

22.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 22, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

23.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 23, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

24.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 24, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

25.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 25, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

26.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 26, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

27.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 27, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

28.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 28, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

29.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 29, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

30.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 30, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

31.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 31, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

### *Student Loan Accounts Reported by Navient Solutions*

32.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 32, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

33.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 33, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

34.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 34, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

35.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 35, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

36.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 36, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

37.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 37, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

4892-1552-6865 v1

38.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 38, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

39.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 39, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

40.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 40, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

### *Collection Account Reported by Spring Oaks Capital*

41.     In response to the allegations in Paragraph 41, Spring Oaks admits that it is accurately reporting Plaintiff's account to TransUnion. Spring Oaks lacks specific knowledge or information to determine the truth of the remaining allegations in Paragraph 41, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

42.     Spring Oaks denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 43, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

44.     In response to the allegations in Paragraph 44, Spring Oaks admits that Plaintiff contacted it by phone, but it lacks sufficient information to respond to the remaining allegations and therefore denies same.

45.     Spring Oaks denies the allegations in Paragraph 45 of Plaintiff's Complaint.

4892-1552-6865 v1

46.     Spring Oaks denies the allegations in Paragraph 46 and puts Plaintiff to the strictest proof thereof.

47.     Spring Oaks denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Spring Oaks denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     In response to the allegations in Paragraph 49 of Plaintiff's Complaint, Spring Oaks admits that it received an E-Oscar dispute on Plaintiff's account on June 1, 2024, which Spring Oaks investigated and provided an accurate response on June 25, 2024.

50.     Spring Oaks denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 51, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

52.     Spring Oaks denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.     Spring Oaks denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Spring Oaks denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55.     Spring Oaks denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Spring Oaks denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     Spring Oaks denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     Spring Oaks denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Spring Oaks denies the allegations in Paragraph 59 of Plaintiff's Complaint.

**CAUSES OF ACTION**
**COUNT I**
**VIOLATIONS OF THE FDCPA**
**15 U.S.C. §§ 1692e, 1692f, and 1692g**
**(as to Spring Oaks only)**

60.     As for Spring Oaks' answer to Paragraph 60, Spring Oaks incorporates by reference its answers to the above paragraphs as though fully set forth herein.

61.     Spring Oaks denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Spring Oaks denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Spring Oaks denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     Spring Oaks denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Spring Oaks denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.     Spring Oaks denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     Spring Oaks denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Spring Oaks denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69.     Spring Oaks denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     Spring Oaks denies the allegations in Paragraph 70 of Plaintiff's Complaint.

**COUNT II**
**VIOLATIONS OF THE FCRA**
**15 U.S.C. §§ 1681e, 1681g and 1681i, 1681s-2**

71.     As for Spring Oaks' answer to Paragraph 71, Spring Oaks incorporates by reference its answers to the above paragraphs as though fully set forth herein.

72.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 72, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

10

73. Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 73, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

74. Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 74, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

75. Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 75, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

76. Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 76, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

77. Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 77, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

78. Spring Oaks denies the allegations in Paragraph 78 of Plaintiff's Complaint to the extent they relate to Spring Oaks. Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

4892-1552-6865 v1

79.     Spring Oaks denies the allegations in Paragraph 79 of Plaintiff's Complaint to the extent they relate to Spring Oaks.  Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

80.     Spring Oaks denies the allegations in Paragraph 80 of Plaintiff's Complaint to the extent they relate to Spring Oaks.  Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

81.     Spring Oaks denies the allegations in Paragraph 81 of Plaintiff's Complaint to the extent they relate to Spring Oaks.  Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

82.     Spring Oaks denies the allegations in Paragraph 82 of Plaintiff's Complaint to the extent they relate to Spring Oaks.  Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

83.     Spring Oaks denies the allegations in Paragraph 83 of Plaintiff's Complaint to the extent they relate to Spring Oaks.  Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

84.     Spring Oaks denies the allegations in Paragraph 84 of Plaintiff's Complaint to the extent they relate to Spring Oaks.  Further, Spring Oaks has insufficient information to respond to the allegations in this Paragraph regarding other parties and therefore denies same.

## AFFIRMATIVE DEFENSES

NOW COMES Spring Oaks Capital, LLC ("Spring Oaks") by and through its counsel and asserts the following affirmative defenses:

4892-1552-6865 v1

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Spring Oaks upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff lacks standing, including, among other reasons, because Plaintiff has not suffered an invasion of a legally protected interest or injury that is concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical.

**THIRD DEFENSE**

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statute of limitations or violate the doctrine of laches, such claims are time-barred.

**FOURTH DEFENSE**

Spring Oaks denies the injuries and damages allegedly sustained by Plaintiff resulted from any action or inaction of Spring Oaks.

**FIFTH DEFENSE**

Plaintiff's claims are, or may be, barred or diminished by Spring Oaks's right to setoff and/or recoupment arising from defaults, deficiencies, or otherwise.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate damages.

**SEVENTH DEFENSE**

Plaintiff's claims fail to the extent Plaintiff's purported damages, which Spring Oaks continues to deny, were the direct and proximate result of the conduct of Plaintiff or others. Plaintiff's claims are barred, in whole or in part, to the extent the Plaintiff's damages, if any, were

13

4892-1552-6865 v1

caused by Plaintiff's own acts, omissions, or negligence, or other acts or omissions of third parties other than Spring Oaks.

## EIGHTH DEFENSE

Spring Oaks complied with all applicable statutes regarding the collection of the underlying debt.

## NINTH DEFENSE

Any act or omission by Spring Oaks, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Spring Oaks would have no liability pursuant to 15 U.S.C. § 1692k(c).

## TENTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring Plaintiff to submit Plaintiff's claims to mandatory and binding arbitration. If so, Spring Oaks may exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## ELEVENTH DEFENSE

At least one Federal Appellate Court has held that a consumer's failure to articulate a dispute in response to the validation notice precludes subsequent challenges to the validity of the debt. *Richmond v. Higgins,* 435 F.3d 825 (8th Cir. 2006).

**WHEREFORE**, Spring Oaks respectfully requests that Plaintiff's Complaint be denied in its entirety, judgment be entered in its favor, dismissal of Plaintiff's Complaint with prejudice, and award the Spring Oaks any such other relief as the Court deems just and proper.

4892-1552-6865 v1

Respectfully submitted:


/s/ James R. Chastain, Jr.
James R. Chastain, Jr. (#19518)
sonny.chastain@keanmiller.com
Chris Dipple (#30480)
chris.dipple@keanmiller.com
Patrick M. Betts (#40701)
patrick.betts@keanmiller.com
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA  70802
(225) 387-0999

***Attorneys for Spring Oaks Capital, LLC***

4892-1552-6865 v1

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

Christopher Cyprian,

      Plaintiff,

v.

Capital One, National Association, Equifax
Information Services, LLC, Experian
Information Solutions, Inc., Spring Oaks
Capital, LLC, Trans Union, LLC,

      Defendants.

Case No. 3:24-cv-00502-SDD-EWD

Judge: Shelly D. Dick

## CERTIFICATE OF SERVICE

I, James R. Chastain, Jr., an attorney, certify that I shall cause to be served a copy of this

Answer and Affirmative Defenses upon the below listed individual, by email and electronically

via the Case Management/Electronic Case Filing System ("ECF"), on July 16, 2024.

      Christopher Cyprian (Pro Se)
      16441 S. Harrells Ferry Rd, Apt 3406
      Baton Rouge, LA 70816
      Ccyprian08@gmail.com

              */s/ James R. Chastain, Jr.*
              James R. Chastain, Jr.

4892-1552-6865 v1